```
 1  SPENCER P. SCHEER #107750
    JOSHUA L. SCHEER #242722
 2  REILLY D. WILKINSON #250086
    JONATHAN SEIGEL #168224
 3  SCHEER LAW GROUP, LLP
    4340 Von Karman, Suite 200
 4  Newport Beach, CA 92660
    Telephone: (949) 263-8757
 5  Facsimile: (949) 209-3320
    LMC.100-006S
 6
    Attorneys for Lender
 7  WVUE 2015-1
```

UNITED STATES BANKRUPTCY COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| In re: | Bk. No. 16-51265-MEH |
|---|---|
| TULA APONTE aka TULA MIRIAM APONTE CABRERO | R.S. No. JLS-326 |
| | Chapter 13 |
| Debtor, | **MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY** |
| | Hearing-<br>Date: August 19, 2016<br>Time: 10:00 a.m.<br>Place: Bankruptcy Court<br>      280 South First Street<br>      San Jose, CA |

      WVUE 2015-1, its assignees and/or successors ("Lender" or "Movant"), moves the Court for relief from the Automatic Stay provided by 11 U.S.C. Section 362. This motion seeks an Order terminating the Automatic Stay of 11 U.S.C. Section 362 as to moving party (and the Trustee under the Deed of Trust securing moving party's claim) so that moving party (and its Trustee) may take all steps necessary under State or Federal law to commence or complete its foreclosure under the Deed of Trust and thereafter take possession of the subject property. This Motion relates to the real property located at 1485 Olympic Dr., Milpitas, CA 95035 ("Property"), which is legally described in the Deed of Trust attached to the Declaration of DAVID HADDAD ("Lender Declaration") as Exhibit "2."

In addition, and if applicable, Secured Creditor will seek an order waiving the requirements of Federal Rule of Bankruptcy Procedure 4001(a)(3), and California Civil Code § 2924g(d), so that any foreclosure sale may be held without the applicable waiting period specified therein.

This Motion is based upon the Lender Declaration, the Memorandum of Points and Authorities ("Memorandum"), the Relief from Stay Cover Sheet and the pleadings and records on file in this matter.

This motion is brought pursuant to 11 U.S.C. Section 362(d)(1) for "cause" and due to the following:

1. The failure of Debtor to make required payments as set forth in the attached Lender Declaration. Debtor is three (3) post-petition payments delinquent.

2. The bad faith actions of Debtor relating to delaying payment by filing multiple (five) bankruptcies relating to the Property. As detailed in the Lender Declaration and the Memorandum, this is the **fifth** bankruptcy relating to the Property.

   a. Debtor filed a previous Chapter 13 bankruptcy petition on September 8, 2011, Case No. 11-58431-ASW that was dismissed on October 27, 2011.

   b. Debtor also filed a previous Chapter 13 bankruptcy petition on December 1, 2011, Case No. 11-61063-SLJ that was dismissed on October 11, 2013.

   c. Debtor filed a previous Chapter 13 bankruptcy petition on March 20, 2014, Case No. 14-51195-MEH ("Third Bankruptcy") that was dismissed on September 30, 2015. The Court required that Debtor confirm a plan or convert the case by September 30, 2015, which did not occur.

   d. Co-Debtor filed a previous Chapter 7 bankruptcy petition on December 12, 2014, Case No. 14-54898-ASW that was discharged on March 24, 2015.

3. The bad faith actions of Debtor relating to filing an unconfirmable Plan (as detailed in the Lender Declaration and Memorandum) that provides for $0 in payments to Lender and referral to the MMM Program which has not been done despite this bankruptcy being open for over three months.

In addition, Movant seeks relief pursuant to 11 U.S.C. Section 362(d)(2) and alleges that in accordance with the information set forth in Lender Declaration, and due to the Debtor's failure to make required payments, that Debtor does not have any realistic hope for a reorganization, and that there is insufficient equity present in the subject real Property to justify the continuance of the Automatic Stay. The value of the Property is $568,411.00 and there are liens on the Property totaling approximately $608,896.96.

To the extent applicable, Movant will move this Court for relief from the co-debtor stay contained in U.S.C. §1301 and will request that any Order allowing relief from stay against Debtor, or conditioning continuance of the automatic stay against Debtor, be deemed applicable to the co-debtor and the co-debtor stay. As the Plan provides for no-payments to Lender and relief from the stay should also be granted as to any co-debtor. Movant's interest would be irreparably harmed by continuation of the stay in accordance with the Lender Declaration and Memorandum.

In addition, and in the event that the Court continues the Automatic Stay, Movant will seek adequate protection of its secured interest pursuant to 11 U.S.C. Sections 361 and 362, including a requirement that Debtor reinstate all past arrearages and immediately commence regular monthly payments.

Furthermore, Movant will also seek attorneys' fees and costs incurred in bringing the Motion. Movant requests such fees pursuant to the Note and Deed of Trust securing Movant's claim or pursuant to 11 U.S.C. Section 506(b).

In addition, Movant requests such further relief as is just.

In the event neither the Debtor nor Debtor's counsel or any interested party appears at a hearing on this Motion, the Court may grant relief from the Automatic Stay permitting moving party to foreclose on the Debtor's Property under all defaults, including any pre-petition defaults, and thereafter obtain possession of such Property without further hearing, or may enter an order conditioning the continuance of automatic stay.

WHEREFORE, Movant prays for judgment as follows:

1. For an order granting relief from the Automatic Stay, permitting Movant to take all steps necessary under State or Federal law to commence or complete its foreclosure under the Deed of Trust and thereafter take possession of the subject Property.
2. That any other stays applicable to this Property via the Co-Debtor Stay of 11. U.S.C. 1301 or Bankruptcy Rule 4001(a)(3), be vacated or waived;
3. For an order permitting Movant to offer and provide Debtor with information regarding potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and to enter into such agreement with Debtor if approved by Secured Creditor.
4. For an order regarding adequate protection of Movant's interest as this Court deems proper.
5. For attorneys' fees and costs for suit incurred herein.
6. For such relief as this Court deems appropriate.

SCHEER LAW GROUP, LLP

DATED: August 4, 2016     /s/ JOSHUA SCHEER
                          #242722